## SALDAÑA *v.* L. RINALDI & CO.

### Motion to approve statement of the case.

No. 6.—Decided October 29, 1908.

STATEMENT OF THE CASE—DEFINITION.—There is no provision in our Code of Civil Procedure which defines what a statement of the case is or should be.

ID.—ALLEGATIONS—REVIEW.—The trial court did not commit error in eliminating from the statement of the case a review or summing up of the allegations because it is unnecessary since the allegations form part of the judgment roll.

ID.—LITERAL COPY OF THE PLEADINGS.—The statement of the case should not contain a literal copy of any pleading.

ID.—ABSTRACT OF THE TESTIMONY OF WITNESSES.—In a statement of the case it is sufficient to insert an abstract of the testimony of the witnesses.

ID.—JUDGMENT—REGISTRATION THEREOF.—The judgment being an essential part of the judgment roll, it is unnecessary to mention it or the registration thereof in the statement of the case.

The facts are stated in the opinion.

*Mr. Texidor* for petitioner.

*Mr. Hernández López* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an application for the approval by this court of of a bill of exceptions, presumably by virtue of section 218 of the Code of Civil Procedure in connection with rule 75 of this court.

The proponent of the motion alleges first that the court below committed an error in striking out from the statement of the case (*exposición del caso*), the review or summing up of the pleadings. We have nothing in our Code of Civil Procedure which defines clearly what the statement of the case is or should be. It may be that the parties in certain cases could, by such a statement dispense with the necessity of putting long pleadings in the record. It is evident to our mind, however, that where the pleadings come up intact it is not necessary to include another statement of the facts contained in the pleadings, however brief, for in such event the statement of the case is really a bill of exceptions the purpose of which is to show what took place at the trial not made of record in the secretary's office, namely, the evidence and possibly oral motions and the like. Under our Code of Civil Procedure, moreover, by section 233 it is provided that the judgment roll shall contain the pleadings and it is unnecessary to insert them again in the statement of the case.

The statement or exposition of the case is referred to in paragraph three of section 223 of the Code of Civil Procedure in regard to new trials. There it is shown what the duties of the court are in settling such a statement. In this respect the section is almost identical with section 216 in regard to a bill of exceptions. The judge is there required to strike out all redundant and useless matter and to make the statement truly represent the case. We think here a review of the allegations and pleadings was entirely unnecessary. An appellant can accomplish the same purpose in the brief which he

ultimately files in this court. The judge below gave the proponent more than was necessary.

The attorney next complains because of the manner in which the judge changed his statement about the attorney for the defendant having withdrawn his representation of the latter. We agree with the proponent that it is not necessary to put into the statement or bill of exceptions a complete and literal copy of any writing. He concedes, however, that the whole statement was unnecessary to the bill. If it was unnecessary thereto it should not have been inserted, and we can readily conceive that the court below, not knowing the purpose for which it was there, desired that the statement should conform exactly to the record.

The proponent next objects because the court made additions to proponent's recital of the testimony of two of the witnesses. He maintains that such additions or amendments were unnecessary as his bill of exceptions already contained a sufficient statement of the substantial testimony of the same two witnesses. However, when the bill of exceptions was signed by the judge, the attorney for the proponent was not present. It is possible that a good deal of the evidence which the proponent inserted in his statement of the case seemed to the judge unnecessary and possibly on objection or indication of the attorney for the opposing party thought that the wisest course could be to insert the exact words of the witnesses. If there was any error on the part of the judge it was absolutely harmless to the proponent. It is true that the code requires the court to strike out redundant matter in settling a bill of exceptions or the like; it is certainly true that a substantial abstract of the statement of the witnesses is sufficient; but, where the court below has merely erred in the interests of accuracy and added a few possibly unnecessary words, it is no reason for coming to this court on a ground that the court below refuses to sign the bill of exceptions. In substance the statement of the case, which was finally signed, except for the addition of some possibly super-

fluous matter, was the proponent's statement of the case. Proponent does not complain that the additions change the character of the testimony but alleges that such additions were unnecessary.

We are at a loss to understand why the attorney for the proponent should object to the changes made by the court with respect to the statement about the judgment and its registration. In reality as the judgment comes up in the judgment roll any allusion to it was unnecessary as were the insertion of the pleadings. We do not think the statement made by the judge could be interpreted as putting the party in the position of approving the judgment.

The statement of the case here is very short, and the few additions or changes made by the court are not of a nature to hurt appellant's case. They do not change the essential nature of proponent's presentation. No substantial right being involved or affected by the action of the court, we are constrained to dismiss the motion.

*Dismissed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.